UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO LOPEZ, D/B/A AZTECA MARKET,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No.  13-cv-03793-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 34 |

On April 30, 2015, Defendant United States of America filed an administrative motion to file under seal portions of the administrative record, on which the parties' upcoming motions for summary judgment will be based. *See* Dkt. 32, 34. Plaintiff Azteca Market does not oppose the motion to seal. *See* Dkt. 34-2.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because the administrative record at issue here will form the basis of the parties' motions for summary judgment, the Court applies the "compelling reasons" standard to Defendant's request to file the administrative record partially under seal.

## II. DISCUSSION

In its motion to seal, Defendant argues that the "compelling reasons" standard is met here because the portions of the administrative record sought to be sealed contain information related to confidential techniques used and analysis conducted by the United States Department of Agriculture ("USDA") to investigate food stamp trafficking. Dkt. 34 at 2; Proctor Decl. ¶ 2.

The Court agrees that the redacted portions of the administrative record contain substantive details about the government's investigative techniques and internal analyses related to food stamp trafficking. As a result, the Court finds that public disclosure of the information sought to be sealed would compromise the ability of the USDA to effectively enforce food stamp regulations and could jeopardize future investigations. *Cf. U.S. ex rel. Lee v. Horizon West, Inc.*, No. 00-cv-02921-SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006) (noting that in the context of requests to unseal records in qui tam actions brought under the False Claims Act, sealing is warranted where disclosure would "reveal confidential investigative methods or techniques" or "jeopardize an ongoing investigation"). The Court further finds that the proposed redaction is "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. The Court therefore GRANTS the motion to seal pages 1-59, 102-105, and 214-15 of the administrative record.

**IT IS SO ORDERED.**

Dated: 5/5/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge