UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO LOPEZ, D/B/A AZTECA MARKET,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 13-cv-03793-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 48 |

On July 10, 2015, Plaintiff Alfredo Lopez, d/b/a Azteca Market, filed an administrative motion to file under seal portions of his opposition to Defendant United States of America's cross-motion for summary judgment and reply in support of Plaintiff's motion for summary judgment. Dkt. No. 48. The time to oppose the motion to seal has passed.

**I.   LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because the parties' motions for summary judgment are dispositive motions, the Court applies the "compelling reasons" standard to Plaintiff's motion to seal.

**II.    DISCUSSION**

On May 5, 2015, the Court ordered that certain portions of the administrative record that

relate to confidential techniques used and analysis conducted by the United States Department of Agriculture to investigate food stamp trafficking be sealed. *See* Dkt. No. 38. In the pending motion to seal, Plaintiff argues that the "compelling reasons" standard is met here because the portions of the document sought to be sealed reference already-sealed information in the administrative record. Dkt. No. 48 at 3. The Court agrees that the redacted portions of Plaintiff's opposition/reply brief contains sealable material. The Court further finds that the proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. The Court therefore GRANTS Plaintiff's motion to seal pages i:22-24, 4:18, 5:9, 5:25, 6:5-6, 6:8-24, 7:3-11, 7:16-28, 8:1-2, 8:20, 8:26-28, 10:12-28, 11:1-12, 12:12-14, 13:8, 13:14-27, 14:1-12, and 14:24-28 of his opposition to Defendant's cross-motion for summary judgment and reply in support of Plaintiff's motion for summary judgment. Within four days of the date of this Order, Plaintiff shall file under seal the unredacted version of his brief.

**IT IS SO ORDERED.**

Dated: July 15, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge